KRISTINA M. DIAZ (SBN 151566)
kdiaz@roll.com
J. P. PECHT (SBN 233708)
jpecht@roll.com
MICHAEL JAVAHERI (SBN 249815)
mjavaheri@roll.com
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone:   (310) 966-8400
Facsimile:   (310) 966-8810

Attorneys for Plaintiff TELEFLORA LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TELEFLORA LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>     vs.<br><br>WB COMMERCE, LLC d/b/a WESLEY BERRY FLOWERS, a Michigan limited liability company and Does 1-10, inclusive,<br><br>        Defendants. | Case No.   15-cv-3587<br><br>**COMPLAINT FOR:**<br><br>**(1) FALSE ADVERTISING (15 U.S.C. § 1125(a)**<br>**(2) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br>**(3) TRADEMARK INFRINGEMENT (15 U.S.C. § 1125)**<br>**(4) UNFAIR COMPETITION (CAL. BUS & PROF CODE §§ 17200 and 17500 ET SEQ.)**<br><br>**DEMAND FOR JURY TRIAL** |

{2423434.9}

Plaintiff Teleflora LLC ("Teleflora" or "Plaintiff"), alleges as follows:

## THE PARTIES

1.     Plaintiff Teleflora is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Los Angeles, California, and is a citizen of both Delaware and California.

2.     Upon information and belief, defendant WB Commerce, LLC d/b/a Wesley Berry Flowers ("WBF") is a limited liability company that is a citizen of Michigan and which does business in Los Angeles, California and throughout the United States.

3.     Upon information and belief,  WBF is or was at all times relevant herein also doing business as one or more of the following entities or assumed names: Wesley Berry Flowers, Inc., Wesley Berry Flowers, WB Commerce, LLC, Wesley Berry Florist Commerce, LLC, Wesley Berry Florists, Inc., Wesley Berry Flowers of South Lyon, Wesley Berry Flowers of Sterling Heights North, Wesley Berry Flowers of Plymouth, Wesley Berry Flowers-Ford Road, Inc., Wesley Berry Wholesale Florist, Wesley Berry, Inc., Flower Delivery Express, Flower Delivery Express, LLC, Michigan's Best Florist, Voted Michigan's Best Florist, Michigan Flower Exchange, Berry Flower Shop, Wesley Flower Shop and Barry Flower Shop.

4.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when this information is ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated and sued as a Doe is in some manner responsible for the acts alleged in this Complaint.

5.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, defendants sued as Does 1 through 10, and each of them, were the agent with ostensible or apparent authority, alter ego, conspirator, servant, employee, partner, joint venturer, or surety of the other defendants and were

1   acting within the scope of said agency, employment, partnership, venturer, or

2   suretyship, and/or with the permission, consent, authorization or ratification of each

3   of defendants and each of the other defendants (WBF and Does 1 through 10,

4   collectively, "Defendants") in doing the things alleged herein.

5                          **JURISDICTION AND VENUE**

6          6.      This action arises, in part, under the Lanham Act, as amended, 15

7   U.S.C. §§ 1114 and 1125, California Business and Professions Code § 17200 et

8   seq., and California common law.  This Court has subject matter jurisdiction over

9   this action pursuant to 15 U.S.C. § 1121 (trademark infringement claims under the

10  Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original

11  jurisdiction of trademark claims, or unfair competition claims related to same) and

12  28 U.S.C. § 1367 (supplemental jurisdiction).

13         7.      This Court also has jurisdiction over Plaintiff's state law claims based

14  upon diversity of citizenship and amount in that Plaintiff is a limited liability

15  company organized under the laws of the State of Delaware with its principal place

16  of business in Los Angeles, California, whose members are all citizens of either

17  Delaware or California and Defendants are organized under the laws of, and have

18  their principal place of business in, the State of Michigan whose members are, upon

19  information and belief, citizens of Michigan. The matter in controversy exceeds,

20  exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

21         8.      Teleflora is informed and believes and based thereon alleges that venue

22  is proper in this district and Defendants are also subject to personal jurisdiction in

23  this district because: (i) they practice the unlawful conduct complained of herein, in

24  part, within the State of California and the Central District; (ii) the unlawful conduct

25  complained of herein causes injury within the State of California and the Central

26  District; and (iii) they regularly do business or solicit business, engage in persistent

27  courses of conduct and/or derive substantial revenue from goods used or consumer

28  or services rendered within the State of California and the Central District.

## NATURE OF THE ACTION

9.     Teleflora is a membership-based floral clearinghouse service provider whose purpose is to function as a full-service business partner for retail florists. A recognized leader in the membership-based, floral clearinghouse industry, Teleflora has one of the largest networks of florists in the world. Teleflora provides its members with a wide array of technology services, including credit card processing, point-of-sale and e-commerce services.  Additionally, Teleflora also accepts orders directly from consumers and refers such orders to its member florists.

10.     Upon information and belief, Defendants are a national floral delivery company that operate a limited number of physical stores but operate largely as an "order gatherer" through a call center through which they receive and process telephone and Internet orders from around the world and then relay such orders to other florists to fulfill.

11.     Until recently, Defendants were longstanding members of Teleflora's network and user of its clearinghouse and credit card processing and other services.

12.     On or about April 6, 2015, due to, among other things, an increasing and excessive amount of credit card transactions involving Defendants that were charged back by the credit card issuing institution and/or processing center as a result of disputed, unauthorized, unlawful, suspicious or otherwise questionable transactions, as well as Defendants' failure to pay outstanding fees owed, Teleflora terminated Defendants' membership in its network and all rights associated therewith.

13.     Upon its termination from Teleflora's network, Defendants became a direct competitor of Teleflora. However, even before its termination from the Teleflora network, to the extent it processed floral orders outside of the Teleflora network, or referred floral orders to other florists within Teleflora's network, Defendants were even then a competitor of Teleflora.

/ / /

14.     Since termination, Defendants have continued to market themselves and their products on their various websites using Teleflora's valuable intellectual property, including, among other things, the TELEFLORA® and MAKE SOMEONE SMILE® trademarks.

15.     Teleflora is now further informed and believes, and on that basis alleges, that Defendants are currently engaging in – and, at times while still members of the Teleflora network, were engaged in – false, fraudulent and/or unfair sales and marketing practices including, but not limited to, the following types of conduct:

 (a) Defendants artificially inflated prices for certain floral arrangements, including specific Teleflora floral arrangements, while concurrently advertising these products as being "on sale" or eligible for rebates at sale  or rebated prices that, in actuality, were simply the regular non-artificially inflated prices for these floral arrangements so as to deceive the consumer into purchasing full overpriced items advertised as being on sale;

(b)  Defendants posted images of floral arrangements on their websites, which consumers relied upon in making their purchases, but which depicted floral arrangements that were better and of higher value than what Defendants knowingly actually arranged to be delivered to the consumer by a fulfilling florist; and

(c)  Defendants maintained numerous websites on the internet in which Defendants intentionally misled consumers into believing that they were a local "mom-and-pop" brick and mortar store maintaining physical locations in specific cities, knowing that it was instead a nationwide internet-based "order-gatherer" that did not actually maintain physical florist shops in such cities.  Defendants did so knowing that consumers prefer local "mom-and-pop" florists and would rely upon Defendants' intentional misrepresentations in making their purchases.

16.     Defendants' aforementioned and other similar conduct did not conform with the high quality standards of Teleflora that were otherwise met by Teleflora's

1  member florist community.  Indeed, because at the time Defendants engaged in the

2  aforementioned and other similar conduct while representing themselves as

3  Teleflora member florists to the consumer public and to other florists, Teleflora's

4  business reputation was damaged.

5       17.    Teleflora is further informed and believes, and on that basis alleges,

6  that Defendants' aforementioned conduct has caused serious damage to its corporate

7  goodwill and relationship of trust with its members and customers who were

8  deceived by such conduct.

9       18.    Teleflora estimates that its damages as a result of Defendants' past,

10  present and continuing tortious conduct, including, without limitation, lost profits

11  and damages to Teleflora's business reputation and goodwill, are in excess of $20

12  million.

## FIRST CLAIM FOR RELIEF

### (False Advertising (15 U.S.C. § 1125(a))- Against All Defendants)

15       19.    Plaintiff incorporates by reference, as though fully set forth herein,

16  each and every allegation set forth in paragraphs 1 through 18 of this Complaint.

17       20.    Plaintiff is informed and believes, and on that basis alleges, that

18  Defendants have made and distributed in interstate commerce and this district,

19  including, without limitation, on its website and the websites of its affiliates,

20  promotional materials that contain false and/or misleading statements of fact

21  regarding its services. These promotional materials contain actual misstatements and

22  misleading statements and failures to disclose, including, without limitation: (a)

23  advertisements for "sales" and/or "rebates" with respect to particular floral

24  arrangements that are not actually "on sale"; (b) depiction of floral arrangements

25  that are significantly better and of higher value than what was actually arranged to

26  be delivered to the consumer; and (c) representations that Defendants are a local

27  "mom and pop" florist with locations in territories where it does not actually have

28  any physical location.

21.     Plaintiff is informed and believes and on that basis alleges that, among other things, Defendants have artificially inflated and continue to artificially inflate the advertised "regular" price for certain of their products to provide the false impression to the consumer that Defendants' products are being offered "on sale", thereby misleading the consumer into believing he or she is getting a "deal".

22.     Plaintiff is informed and believes, and on that basis alleges, that the aforementioned false and misleading statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers (both member florists and end consumers). This deception is material in that it is likely to influence the purchasing decisions of the consumers of Plaintiff's products and the membership decisions of its member florists and prospective member florists.

23.     Defendants' false and misleading promotional statements and omissions injure, at a minimum, end consumers and Plaintiff.

24.     Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC § 1117(a). Damages include the actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recovery of damages in such sums as the court may find just according to the circumstances of the case.

25.     Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants and their agents, servants, employees, successors, assigns and all other persons acting in concert, in conspiracy or affiliated with any of them from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

/ / /

/ / /

1   26.   Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from

2   Defendants the damages sustained by Plaintiff as a result of Defendants' acts in

3   violation of Lanham Act § 43(a).

4   27.   Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover

5   from Defendants the gains, profits and advantages that they have obtained as a result

6   of their acts. Plaintiff is at present unable to ascertain the full amount of the gains,

7   profits and advantages Defendants have obtained by reason of their acts.

8   28.   Plaintiff is at present unable to ascertain the full extent of the monetary

9   damages (including damage to its reputation and goodwill) it has suffered, and

10  gains, profits and advantages Defendants have obtained, by reason of Defendants'

11  acts, but Plaintiff estimates that said damages and unjust enrichment amount to at

12  least $20 million.

13  29.   Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the

14  costs of this action. Moreover, Plaintiff is informed and believes, and on that basis

15  alleges, that Defendants' conduct was undertaken willfully and with the intention of

16  causing confusion, mistake or deception, making this an exceptional case entitling

17  Plaintiff to recover additional damages and reasonable attorneys' fees.

18  **<u>SECOND CLAIM FOR RELIEF</u>**

19  **(Trademark Infringement (15 U.S.C. § 1114)- Against All Defendants)**

20  30.   Plaintiff incorporates by reference, as though fully set forth herein,

21  each and every allegation set forth in paragraphs 1 through 29 of this Complaint.

22  31.   Plaintiff owns a family of TELEFLORA® trademarks for use in

23  connection with its floral business, many of which are registered with the United

24  States Patent and Trademark Office ("USPTO") including:

25  a. TELEFLORA, Reg. No. 776336, in International Class 42 for

26  "rendering a clearing house service to subscribing florists in connection

27  with the sale and delivery of flowers at distant locations";

28  / / /

b. TELEFLORA, Reg. No. 1340801, in International Class 21 for "flower containers - namely, ceramic, glass and plastic cases, ceramic and metal cache pots, and baskets";

c. TELEFLORA CREDITLINE, Reg. No. 1604038, in International Class 36 for "consumer credit verification services";

d. TELEFLORA TECHNOLOGIES, Reg. No. 2360642, in International Class 9 for such goods as computer hardware, computer software and instruction manuals, in International Class 41 for such services as training services, and in International Cass 42 for such services as computer services, leasing and renting for computer hardware and software, and computer-related consultation services;

e. TELEFLORA DIFFERENCE, Reg. No. 3698124, in International Class 31 for such goods as flowers, floral bouquets and live plants, in International Class 35 for such services as online retail services, advertising, and online-advertising services, and International Class 39 for flower delivery services;

f. TELEFLORA FLORAL COUTURE, Reg. No. 4104275, in International Class 21 for such goods as flower containers and International Class 31 for such goods as flowers and plants; and

g. THE MARKET BY TELEFLORA, Reg. No., 4576353, in International Class 35 for such services as advertising services and on-line retail store services (collectively referred to as the "TELEFLORA® Marks").

A copy of the Certificates of Registration for each of the aforementioned marks, as well as the applicable records of assignment, are attached hereto as Exhibit 1.

32. On March 12, 2004, Plaintiff filed to register the trademark MAKE SOMEONE SMILE, which it had been using since July 2001, with the USPTO for use in connection with the following goods: "charitable services, namely providing

/ / /

floral products to the elderly and needy children."   A copy of the Certificate of Registration for this trademark is attached hereto as Exhibit 2.

33.    Prior to Defendants' infringing use of MAKE SOMEONE SMILE®, Teleflora was using and continues to  use the MAKE SOMEONE SMILE® trademark in connection with floral bouquets during its annual "Make Someone Smile Week" promotion. As such, Teleflora owns common law trademark rights to MAKE SOMEONE SMILE® for use in connection with such goods as fresh flowers, live plants, floral arrangements and flower containers as well as such services as flower delivery services, online retail services, and rendering a clearing house service to subscribing florists for sale and delivery of flowers. A copy of Teleflora's website providing information about its MAKE SOMEONE SMILE® promotion is attached hereto as Exhibit 3.

34.    While members in good standing are permitted to use Plaintiff's intellectual property for advertising and promotional use, following termination from the Teleflora network, no former member is permitted to continue using any of Plaintiff's intellectual property. Specifically, following termination, members are prohibited from using any word or symbol confusingly similar to any Teleflora trademark or which might indicate to consumers that a former member is or was a Teleflora member.

35.    On or about April 6, 2015, Plaintiff terminated Defendants' membership in its network and all rights associated therewith.

36.    Despite this clear and unequivocal termination, as of April 10, 2015, and, on information and belief, continuing thereafter, Defendants were and still are using the TELEFLORA® and/or MAKE SOMEONE SMILE® trademarks without authorization to market itself, its floral delivery services and its floral arrangements on, among other things, the main "splash" page and "Company Overview" pages of its website.

/ / /

37.     For example, and without limitation, Defendants' main splash page for its website displays the TELEFLORA® trademark just below the FTD trademark, falsely indicating that Defendants are a member, and therefore affiliated with the Teleflora network. Defendants also advertise on the "Company Overview" page of its website  that its "network of shops includes the florists of FTD, Teleflora and other business networks." True and correct copies of screenshots of the pertinent portions of Defendants' main splash page of its website, available at www.wesleyberry.net and Defendants' "Company Overview" page, available at www.wesleyberry.net/overview.html as of May 6, 2015, are attached collectively hereto as Exhibit 4.

38.     Similarly, and without limitation, on Defendants' website located at www.wesleyberry.net and www.wesleyberryflowers.com, under the "Occasions" tab, Defendants flowers offers floral arrangements for purchase under the MAKE SOMEONE SMILE® trademark.  Teleflora's MAKE SOMEONE SMILE® trademark is used by Teleflora in connection with Teleflora's Make Someone Smile Week, which has grown to become one of the floral industry's leading charitable projects providing cheerful bouquets to, among other recipients, hospital patients, children in foster care, nursing home residents, Meals on Wheels recipients, and many others.

39.     Defendants' unauthorized use in commerce of Plaintiff's trademark is likely to cause confusion or mistake among consumers or to deceive consumers  into thinking that Defendants'  products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Teleflora.

40.     By reason of the foregoing, Defendants have infringed Teleflora's trademarks and have violated, and are continuing to violate, 15 U.S.C. Section 1114.

41.     Teleflora has no adequate remedy at law for these injuries.  Moreover, unless Defendants are restrained by this Court from continuing this imitation, copying and unauthorized use of Teleflora's trademarks, these injuries will continue

1  to occur.  Teleflora is entitled to an injunction restraining Defendants, their officers,

2  agents, distributors and employees, and all persons acting in concert with them,

3  from engaging in such further acts in violation of 15 U.S.C. Section 1116.

4       42.    By reason of Defendants' willful acts of trademark infringement,

5  Teleflora is entitled to damages it has sustained and will sustain, and to have those

6  damages trebled pursuant to 15 U.S.C. Section 1117.

7       43.    This is an exceptional case making Teleflora eligible for an award of

8  attorneys' fees under 15 U.S.C. Section 1117.

9       44.    Teleflora is further entitled to recover from Defendants any gains,

10  profits and advantages unfairly obtained by Defendants as a result of their acts of

11  infringement alleged herein.  At present, the amount of any gains, profits and

12  advantages cannot be fully ascertained by Teleflora.  Teleflora is unable to ascertain

13  the full extent of the monetary damages suffered by reason of Defendants' acts at

14  this time but estimates this damage to be in excess of the jurisdictional limit.

15  **THIRD CLAIM FOR RELIEF**

16  **(Trademark Infringement (15 U.S.C. § 1125(a)- Against All Defendants)**

17       45.    Plaintiff incorporates by reference, as though fully set forth herein,

18  each and every allegation set forth in paragraphs 1 through 44 of this Complaint.

19       46.    Defendants' use of the TELEFLORA® and MAKE ME SMILE®

20  trademarks infringes on those marks and Defendants are falsely designating the

21  origin of their brand which is likely to cause confusion, mistake, and deception with

22  respect to these marks.

23       47.    Defendants' use of the infringing trademarks has confused and is likely

24  to continue to cause confusion or to cause mistake, or to deceive the consuming

25  public into believing that Defendants' goods or services are authorized, sponsored or

26  approved by or are affiliated with Teleflora.

27  / / /

28  / / /

48.     These acts constitute trademark infringement of Teleflora's marks and false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling Teleflora to relief.

49.     By reason of Defendants' acts, Teleflora is, and will continue to be, irreparably harmed if Defendants' conduct is not enjoined.  Teleflora's remedy at law is not adequate to compensate it for the injuries inflicted, and Teleflora is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

50.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake and deception.

51.     Defendants have unfairly profited from the actions alleged and Teleflora is therefore entitled to recover from Defendants the damages sustained as a result of Defendants' acts in violation of 15 U.S.C. § 1125(a).  At present, Teleflora is unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' acts but estimates this damage to be in excess of the jurisdictional limit.

52.     Further, because of the willful nature of Defendants' acts, Teleflora is entitled to damages and to have those damages trebled pursuant to 15 U.S.C. § 1117. This is an exceptional case making Teleflora eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition (Cal. Bus. & Prof. Code Sections 17200 and 17500 *et seq.*)- Against All Defendants)

53.     Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 52 of this Complaint.

54.     Defendants are a national floral delivery company that receives and processes telephone and Internet orders from around the world. Defendants are a competitor of Teleflora.

/ / /

55.    Defendants' conduct as alleged herein is unlawful, unfair and/or fraudulent and thereby constitutes unfair competition under California Business and Professions Code §§ 17200 and 17500 *et seq.* which provide that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

56.    As a direct and proximate result of Defendants' wrongful conduct, Teleflora has suffered injury in fact, which includes a loss of referral fees, damage to Teleflora's goodwill with its existing, former and potential customers and florists, and actual confusion between Teleflora's and Defendants' products and advertising.

57.    The harm these wrongful acts are causing and will cause to Teleflora is imminent and irreparable. As such, Teleflora has no adequate remedy at law.

58.    Pursuant to California Business and Professions Code § 17203, Teleflora is entitled to a preliminary and permanent injunction restraining Defendants and/or its Affiliates from engaging in further such unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That the Court enter judgment that:

a.    Defendants infringed Plaintiff's rights in the TELEFLORA® Marks and the MAKE SOMEONE SMILE® mark in violation of 15 U.S.C. §§ 1114 and 1125(a);

b.    Defendants violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the price and nature of their products and the location of their shops;

c.    Defendants engaged in unfair competition and deceptive acts and practices in violation of California Business and Professions Code §§ 17200 and 17500 *et seq;*

2.     That the Court enter judgment against each Defendant that the above acts were willful and intentional making this an exceptional case. That the Court issue a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, assigns and all other persons acting in concert or in conspiracy with any of them from: (a) engaging in any infringing activity, including, without limitation, advertising, promoting, marketing, franchising, distributing, selling and offering for sale, any goods or services using the TELEFLORA®  or the MAKE SOMEONE SMILE® marks in any media; and (b) engaging in further acts of false advertising.

3.     That Teleflora be awarded damages for Defendants' conduct, including for its false advertising and trademark infringement.

4.     That Teleflora be awarded its lost profits and restitution resulting from Defendants' conduct.

5.     That Defendants be ordered to account for and disgorge to Teleflora all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

6.     That damages resulting from Defendants' infringement under the Lanham Act be trebled due to Defendants' willfulness in accordance with the provisions of 15 U.S.C. Section 1117.

7.     That Teleflora be awarded exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of the Defendants to the community.

8.     That, at Teleflora's election, Teleflora be awarded an amount sufficient to reimburse Teleflora for the costs of corrective advertising.

9.     That the Court award Teleflora its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. Section 505, California law, and any other applicable provision of law.

10.     That the Court award Teleflora its costs of suit incurred herein.

1      11.     That Plaintiff be awarded pre-judgment and post-judgment interest.

2      12.     That Plaintiff have such other or further relief as the Court may deem

3   just and proper.

4   DATED:  May 13, 2015              ROLL LAW GROUP PC

5

6

7                                      By:  /s/ J. P. Pecht

8                                           J. P. Pecht
                                            Attorneys for Plaintiff TELEFLORA LLC

9

10

11

12                        **<u>DEMAND FOR JURY TRIAL</u>**

13      Plaintiff hereby demands a jury trial in connection with this action.

14

15   DATED:  May 13, 2015              ROLL LAW GROUP PC

16

17

18                                     By:  /s/ J. P. Pecht

19                                          J. P. Pecht
                                            Attorneys for Plaintiff TELEFLORA LLC

20

21

22

23

24

25

26

27

28

# Exhibit 1

# United States Patent Office

**776,336**
Registered Sept. 1, 1964

## PRINCIPAL REGISTER
### Service Mark

Ser. No. 175,336, filed Aug. 19, 1963

## TELEFLORA

Telegraph Delivery Service (California corporation)
292 S. La Cienega Blvd.
Beverly Hills, Calif.

For: RENDERING A CLEARING HOUSE SERVICE TO SUBSCRIBING FLORISTS IN CONNECTION WITH THE SALE AND DELIVERY OF FLOWERS AT DISTANT LOCATIONS, in CLASS 100.
First use Feb. 1, 1938; in commerce Feb. 1, 1938.

Int. Cl.: 21

Prior U.S. Cls.: 2, 13, 30 and 33

## United States Patent and Trademark Office

Reg. No. 1,340,801

Registered June 11, 1985

## TRADEMARK
### PRINCIPAL REGISTER

## TELEFLORA

TELEFLORA INC. (CALIFORNIA CORPORA-
TION)
12233 WEST OLYMPIC BOULEVARD
LOS ANGELES, CA 90064

FOR: FLOWER CONTAINERS - NAMELY,
CERAMIC, GLASS AND PLASTIC VASES, CE-
RAMIC AND METAL CACHE POTS, AND BAS-
KETS, IN CLASS 21 (U.S. CLS. 2, 13, 30 AND 33).

FIRST USE 12-0-1981; IN COMMERCE
12-0-1981.
OWNER OF U.S. REG. NOS. 776,336 AND
1,152,703.

SER. NO. 507,399, FILED 11-5-1984.

AMANDA LAURA NYE, EXAMINING ATTOR-
NEY

Int. Cl.: 36

Prior U.S. Cl.: 102

## United States Patent and Trademark Office

Reg. No. 1,604,038
Registered June 26, 1990

## SERVICE MARK
### PRINCIPAL REGISTER

## TELEFLORA CREDITLINE

AMERICAN PROTECTION INDUSTRIES, INC. (DELAWARE CORPORATION)
12233 WEST OLYMPIC BOULEVARD
LOS ANGELES, CA 90064

FOR: CONSUMER CREDIT VERIFICATION SERVICES, IN CLASS 36 (U.S. CL. 102).
FIRST USE 6-0-1987; IN COMMERCE 6-0-1987.

OWNER OF U.S. REG. NOS. 776,336 AND 1,340,801.

SER. NO. 73-835,827, FILED 11-3-1989.

NICOLE J. BALDINO, EXAMINING ATTORNEY

Int. Cls.: 9, 41, and 42

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, and 107

## United States Patent and Trademark Office

Reg. No. 2,360,642

Registered June 20, 2000

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## TELEFLORA TECHNOLOGIES

TELEFLORA LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD.
LOS ANGELES, CA 90064

FOR: COMPUTER WIDE AREA NETWORKING HARDWARE FOR USE PRIMARILY BY THE FLORAL INDUSTRY, CONSISTING OF ONE OR MORE OF THE FOLLOWING - COMPUTER MONITORS, MODEMS, CD-ROM DRIVES, MOUSE, COMPUTER PRINTERS, MICROPROCESSORS, VIDEO CONFERENCING TERMINALS, POINT-OF SALE ELECTRONIC TERMINALS, CASH REGISTERS, OPTICAL SCANNERS, POWER SUPPLIES, AND COMPUTER HARDWARE PERIPHERALS, SOLD SEPARATELY OR TOGETHER AS A UNIT; COMPUTER SOFTWARE FOR USE PRIMARILY BY THE FLORAL INDUSTRY FOR TELECOMMUNICATIONS, INVOICING, TRACKING, SCHEDULING AND MANAGING A WIDE VARIETY OF BUSINESS AND FINANCIAL TRANSACTIONS, RECORDS AND OPERATIONS; AND INSTRUCTIONAL BOOKS AND MANUALS SOLD AS A UNIT THEREWITH, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-0-1998; IN COMMERCE 2-0-1998.

FOR: TRAINING SERVICES IN THE FIELD OF COMPUTER NETWORKING HARDWARE AND SOFTWARE FOR USE PRIMARILY BY THE FLORAL INDUSTRY, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 2-0-1998; IN COMMERCE 2-0-1998.

FOR: COMPUTER SERVICES, NAMELY, CONDUCTING A WIDE AREA COMPUTER NETWORK FOR USE PRIMARILY BY THE FLORAL INDUSTRY FOR TELECOMMUNICATION, AND INVOICING, TRACKING, SCHEDULING AND MANAGING A WIDE VARIETY OF BUSINESS AND FINANCIAL TRANSACTIONS, RECORDS AND OPERATIONS; LEASING AND RENTAL OF COMPUTER NETWORKING HARDWARE AND SOFTWARE FOR USE PRIMARILY BY THE FLORAL INDUSTRY; CONSULTATION, DESIGN AND TECHNICAL ASSISTANCE IN THE FIELD OF COMPUTER NETWORKING HARDWARE AND SOFTWARE FOR USE PRIMARILY BY THE FLORAL INDUSTRY, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 2-0-1998; IN COMMERCE 2-0-1998.

OWNER OF U.S. REG. NO. 1,604,038.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TECHNOLOGIES", APART FROM THE MARK AS SHOWN.

SN 75-425,827, FILED 1-29-1998.

DAVID M. MERMELSTEIN, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office

## TELEFLORA DIFFERENCE

**Reg. No. 3,698,124**
Registered Oct. 20, 2009

**Int. Cls.: 31, 35 and 39**

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

TELEFLORA LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FLOWER, NAMELY, FRESH CUT FLOWERS, FLORAL BOUQUETS AND FLORAL ARRANGEMENTS; LIVE PLANTS , IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 4-1-2005; IN COMMERCE 4-1-2005.

FOR: ONLINE RETAIL SERVICES, TELEPHONE ORDERING, AND RETAIL STORE SERVICES, ALL FEATURING FRESH CUT FLOWERS AND FLORAL ARRANGEMENTS AND LIVE PLANTS; ADVERTISING, NAMELY, DIRECT MAIL ADVERTISING, PRINT MEDIA ADVERTISING AND DISSEMINATION OF ADVERTISING MATTER; ON-LINE ADVERTISING SERVICES IN THE FIELD OF FLOWERS, PLANTS, GIFTS AND OTHER RELATED FLORAL SUPPLY PRODUCTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-1-2005; IN COMMERCE 4-1-2005.

FOR: FLOWER DELIVERY SERVICES, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 4-1-2005; IN COMMERCE 4-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 776,336, 1,340,801, AND 2,360,642.

SER. NO. 77-669,577, FILED 2-12-2009.

NICHOLAS COLEMAN, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# TELEFLORA FLORAL COUTURE

**Reg. No. 4,104,275**

**Registered Feb. 28, 2012**

**Int. Cls.: 21 and 31**

**TRADEMARK**

**PRINCIPAL REGISTER**

TELEFLORA LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FLOWER CONTAINERS, NAMELY, CERAMIC, GLASS AND PLASTIC VASES; CERAMIC AND METAL CACHEPOTS AND CERAMIC, WICKER, STRAW, WOOD, AND CLOTH BASKETS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 12-13-2010; IN COMMERCE 12-13-2010.

FOR: FRESH CUT FLOWERS; FRESH CUT FLOWER ARRANGEMENTS; LIVING PLANTS AND DRIED PLANTS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 12-13-2010; IN COMMERCE 12-13-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 776,336, 1,340,801, AND 3,698,124.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FLORAL", APART FROM THE MARK AS SHOWN.

SER. NO. 85-222,440, FILED 1-20-2011.

JAMES GRIFFIN, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.**

Page: 2 / RN # 4,104,275

# United States of America

## United States Patent and Trademark Office

# THE MARKET BY TELEFLORA

**Reg. No. 4,576,353**

**Registered July 29, 2014**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TELEFLORA LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 4TH FLOOR
LOS ANGELES, CA 90064

FOR: ADVERTISING SERVICES; ADVERTISING SERVICES, NAMELY, PROMOTING AND MARKETING THE GOODS AND SERVICES OF OTHERS IN THE FIELD OF FLORAL RE-LATED PRODUCTS VIA ELECTRONIC MEDIA; ON-LINE RETAIL STORE SERVICES FEATURING FLORAL RELATED PRODUCTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-0-2012; IN COMMERCE 6-0-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,340,801, 3,698,124, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE MARKET", APART FROM THE MARK AS SHOWN.

SN 85-607,200, FILED 4-24-2012.

JENNIFER RICHARDSON, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office

<div style="border: 1px solid black; padding: 10px;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

<div style="border: 1px solid black; padding: 10px;">

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

</div>

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

FORM PTO-1594 (Modified)
(Rev. 6-93)
OMB No. 0651-0011 (exp.4/94)
Copyright 1994-97 LegalStar
TM05/REV03

**CORRECTED**

RECORDATION FORM COVER SHEET

04-08-1999

||||||||||||||||||||||||
101005568

Docket No.:

T01 2607

Tab settings → → → ▼     ▼     ▼     ▼     ▼     ▼

To the Honorable Commissioner of Pate[nt]      attached original documents or copy thereof.

**1. Name of conveying party(ies):**

**Roll International Corporation**

☐ Individual(s)              ☐ Association
☐ General Partnership        ☐ Limited Partnership
☒ Corporation-State   **Delaware**
☐ Other _____

Additional names(s) of conveying party(ies) attached? ☐ Yes ☒ No

**3. Nature of conveyance:**

☐ Assignment                 ☐ Merger
☐ Security Agreement         ☐ Change of Name
☒ Other  **to correct assignee's entity type -see** attached
previously recorded documents-Reel No.
Execution Date: **1550, Frame Nos. 0227-0230**

**2. Name and address of receiving party(ies):**                6

Name:  **Teleflora LLC**

Internal Address: _____

Street Address:  **11444 W. Olympic Boulevard**

City:  **Los Angeles**    State: **CA**  ZIP: **90064**

☐ Individual(s) citizenship _____
☐ Association _____
☐ General Partnership _____
☐ Limited Partnership _____
☐ Corporation-State _____
☒ Other  **Delaware Limited Liability Company**

If assignee is not domiciled in the United States, a domestic representative
designation is attached:              ☐ Yes  ☐ No
(Designations must be a separate document from Assignment)
Additional name(s) & address(es) attached? ☐ Yes  ☐ No

**4. Application number(s) or registration numbers(s):**

A. Trademark Application No.(s)

B. Trademark Registration No.(s)

**See attached**

Additional numbers attached? ☒ Yes  ☐ No

**5. Name and address of party to whom correspondence
concerning document should be mailed:**

Name:  **Anne Wang, Esq.**

Internal Address:  **PRETTY, SCHROEDER &**

**POPLAWSKI**

Street Address:  **444 South Flower Street - 19th Floor**

City:  **Los Angeles**    State: **CA**  ZIP: **90071**

**6. Total number of applications and
registrations involved:**.....................................  **14**

**7. Total fee (37 CFR 3.41):**.....................$  **$375.00**

☒ Enclosed

☐ Authorized to be charged to deposit account

**8. Deposit account number:**

04/06/1999 JEHABAZZ 00000246 1102202     DO NOT USE THIS SPACE

01 FC:481         40.00 OP
02 FC:482        325.00 OP
03 FC:            10.00 OP

**9. Statement and signature.**

*To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy
of the original document.*

**Anne Wang** _____         _Anne Wang_ (signature)        3/15/99

Name of Person Signing          Signature          Date

Total number of pages including cover sheet, attachments, and document:   **5**

**TRADEMARK
REEL: 1880 FRAME: 0001**

**EXHIBIT A**　　　　　　　　　　　　　　　　　US/TM

| Mark | Class(es) | Serial No. | Filed | Reg. No. | Reg. Date |
|------|-----------|------------|-------|----------|-----------|
| DOVE AND WORLD Design | 35 | 163,757 | 03/27/78 | 1,108,202 | 12/05/78 |
| TELEFLORA | 35 | 175,336 | 08/19/63 | 776,336 | 09/01/64 |
| TELEFLORIST | 35 | 244,631 | 04/29/66 | 875,799 | 08/26/69 |
| DOVE AND ROSE Design | 35 | 478,679 | 05/04/84 | 1,319,801 | 02/12/85 |
| TELEFLORA | 21 | 507,399 | 11/05/84 | 1,340,801 | 06/11/85 |
| FLOWERS & (Stylized) | 16 | 489,269 | 07/10/84 | 1,355,288 | 08/20/85 |
| THE FLOWER SOURCE | 35 | 230,294 | 12/16/91 | 1,733,491 | 11/17/92 |
| DOVE & ROSE Design | 21 | 593,315 | 04/14/86 | 1,425,787 | 01/20/87 |
| DOVESYSTEM | 16 | 684,090 | 09/14/87 | 1,498,392 | 08/02/88 |
| TELEFLORA CREDITLINE | 36 | 835,827 | 11/03/89 | 1,604,038 | 06/26/90 |
| SENDSATIONAL SWEETS | 30 | 008,347 | 12/06/89 | 1,687,269 | 05/12/92 |
| EXCLUSIVELY FOR YOU | 15 | 069,106 | 06/14/90 | 1,699,549 | 07/07/92 |
| THE FLOWER SOURCE | 35 | 115,484 | 11/15/90 | 1,778,043 | 06/22/93 |
| TELEFLORA CREDITLINE | 36 | 225,143 | 11/25/91 | 1,718,733 | 09/22/92 |

FROM : FIELD & ASSOCS.                    FAX NO. : 7035198645              Mar. 10 1999 06:15PM  P4

FORM PTO-1594 (Modified)
(Rev. 6-93)
OMB No. 0651-0011 (exp 4/94)
Copyright 1994 Legal ook
TM05/REV01

### RECORDATION FORM
### TRADEMARK

02-07-1997

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
100551472

TMENT OF COMMERCE
nt and Trademark Office

Tab settings ➤ ➤ ➤       ▼

To the Honorable Commissioner of Patents and Trademarks: Ple...                    ts or copy thereof.

**1. Name of conveying party(ies):**
Roll International Corporation                    JAN 1 7 1997

☐ Individual(s)
☐ General Partnership
☒ Corporation-State    Delaware
☐ Other

Additional names(s) of conveying party(ies)    ☐ Yes ☒ No

☐ Association
☐ Limited Partnership

**2. Name and address of receiving party(ies):**

Name:  Teleflora LLC

Internal Address:  10th Floor

Street Address:  11444 W. Olympic Boulevard

City:  Los Angeles        State:  CA  ZIP:  90064

☐ Individual(s) citizenship
☐ Association
☐ General Partnership
☐ Limited Partnership
☒ Corporation-State  Delaware
☐ Other

If assignee is not domiciled in the United States, a domestic
designation is                    ☐ Yes   ☐ N
(Designations must be a separate document from
Additional names(s) & address(es)               ☐ Yes   ☐ N

**3. Nature of conveyance:**

☒ Assignment          ☐ Merger
☐ Security Agreement  ☐ Change of Name
☐ Other

Execution Date:  December 19, 1996

**4. Application number(s) or registration numbers(s):**

A. Trademark Application No.(s)                    B. Trademark Registration No.(s)

See attached

Additional numbers    ☒ Yes ☐ No

**5. Name and address of party to whom correspondence
concerning document should be mailed:**

Name:  Anne Wang, Esq.

Internal Address:  Pretty, Schroeder & Poplawski

Suite 2000

Street Address:  444 South Flower Street

City:  Los Angeles        State:  CA  ZIP:  90071

**6. Total number of applications and
registrations involved:**................  | 14 |

**7. Total fee (37 CFR 3.41):**...............  $  $40.00

☒ Enclosed

☐ Authorized to be charged to deposit account

**8. Deposit account number:**

16-2460

(Attach duplicate copy of this page if paying by deposit account)

DO NOT USE THIS SPACE

**9. Statement and signature.**
To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy
of the original document.

Anne Wang, Registration No. 36,045
Name of Person Signing                    Signature                    January 14, 1997
                                                                        Date

Total number of pages including cover sheet, attachments and documents:

TRADEMARK
REEL: 1880 FRAME: 0003

FROM : FIELD & ASSOCS.          FAX NO. : 7035198645          Mar. 10 1999 06:16PM  P6



US/R

## ASSIGNMENT

This Assignment effective January 1, 1997, by Roll International Corporation, a Delaware corporation, Assignor, having a place of business at 11444 W. Olympic Boulevard, 10th Floor, Los Angeles, California 90064, United States of America, to Teleflora LLC, a Delaware limited liability company, Assignee, having a place of business at 11444 W. Olympic Boulevard, 10th Floor, Los Angeles, California 90064, United States of America.

WHEREAS, Assignor has adopted, used and is using marks which are registered in the United States Patent and Trademark Office, identified on Exhibit A;

WHEREAS, Assignee desires to acquire the entire right, title and interest in and to said marks and the registrations thereof;

NOW, THEREFORE, in consideration of the foregoing recitals and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby assigns and transfers to Assignee, the entire right, title and interest in and to the said marks, together with the good will of the business symbolized by the marks, and the identified registrations thereof.

Roll International Corporation

By: _Robert Kors_____
Name:  Robert Kors
Title:  Senior Vice President

Dated: ___Dec. 19, 1996_____

TRADEMARK
REEL: 1550 FRAME: 0229

**TRADEMARK**
**REEL: 1880 FRAME: 0004**

FROM : FIELD & ASSOCS.          FAX NO. : 7035198645          Mar. 10 1999 06:16PM P7

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of   California

County of   Los Angeles

On December 19, 1996   before me,   Cynthia K. Grager, Notary Public

personally appeared   Robert Kors

☒ personally known to me – OR – ☐ proved to me on the basis of satisfactory evidence to be the person(☒) whose name(☒) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*(Notary seal: CYNTHIA K. GRAGER, COMM. # 1101878, Notary Public–California, LOS ANGELES COUNTY, My comm. expires June 10, 2000)*

_____
Signature of Notary Public

── **OPTIONAL** ──

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

### Description of Attached Document

Title or Type of Document:   Assignment (U.S. marks and registrations)

Document Date:   effective 1/1/97          Number of Pages: 1+1exhibit pg

Signer(s) Other Than Named Above:   None

### Capacity(ies) Claimed by Signer(s)

Signer's Name: Robert Kors          Signer's Name: _____

☐ Individual
☐ Corporate Officer
   Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer is Representing:

Roll International

Corporation

☐ Individual
☐ Corporate Officer
   Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer is Representing:

_____

© 1994 National Notary Association • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184          Prod. No. 5907          Reorder: Call Toll-Free 1-800-876-6827

TRADEMARK

RECORDED: 01/17/1997          REEL: 1550 FRAME: 0230

**RECORDED: 03/16/1999**          **TRADEMARK**
**REEL: 1880 FRAME: 0005**

Exhibit 2

Int. Cl.: 45

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 2,932,577

Registered Mar. 15, 2005

## SERVICE MARK
### PRINCIPAL REGISTER

# MAKE SOMEONE SMILE

TELEFLORA LLC (DELAWARE CORPORATION)
11444 WEST OLYMPIC BOULEVARD
LOS ANGELES, CA 90064

FOR: CHARITABLE SERVICES, NAMELY PRO-
VIDING FLORAL PRODUCTS TO THE ELDERLY
AND NEEDY CHILDREN, IN CLASS 45 (U.S. CLS.
100 AND 101).

FIRST USE 7-1-2001; IN COMMERCE 7-1-2001.

SER. NO. 76-581,047, FILED 3-12-2004.

MARY ROSSMAN, EXAMINING ATTORNEY

Exhibit 3

**teleflora** *Fresh flowers hand-delivered daily.*

ENGLISH ▼    SEARCH

f LOGIN WITH FACEBOOK    MY ACCOUNT    MY CART(0)

**mother's day**    **deal of the day**    **+ birthday**    **+ occasions**    **+ flowers**    **+ plants & gifts**    **same-day delivery**

Home > Teleflora's Make Someone Smile Week - July, 2014

LIVE CHAT NOW ▸
A floral expert is just a click away

**Top 5 Bestsellers**

Polka Dots & Posies
$39.95

Zen Artistry
$49.95

Cotton Candy
$39.95

Teleflora's Peaceful Zen Garden
$57.95

A Little Pink Me Up
$67.95



**teleflora.**
**make someone**
**SMILE**
**week** July 20-26, 2014

At Teleflora, we love making people smile. That's why we're thrilled about Make Someone Smile® Week 2014 (July 20 - 26). Together with thousands of our local Teleflora florists, **we'll deliver more than 40,000 Teleflora Be Happy® Bouquets to deserving people** whose day will be brighter because of this surprise gift.

Our cheerful bouquets go to hospital patients, children in foster care, nursing home residents, Meals on Wheels recipients, and many others. Now in its 15th year, Teleflora's Make Someone Smile Week has grown to become one of the floral industry's leading charitable projects, involving growers, wholesalers, and family-owned flower shops across the country. To learn more about this exciting humanitarian program, please read our Make Someone Smile Week 2014 press release.

### The Be Happy® Bouquet

Teleflora's Be Happy® Bouquet is a classic Teleflora bouquet that has come to embody the Make Someone Smile® Week program. Teleflora has donated these iconic yellow mugs to thousands of participating florists nationwide, one for every bouquet made and delivered for the last decade.

To make the bouquets complete, those florists, in turn, donate their time and talents while many local wholesalers and growers contribute flowers.



Shop Now ▸

JOIN THE CLUB



enter email address

STAY CONNECTED



LIVE CHAT NOW ›

A floral expert is just a click away.

SIGN UP:

**COMPANY**
ABOUT US
MEDIA
CAREERS
SITEMAP

**LEARN MORE ABOUT**
BLOG
PARTNER & AFFILIATE PROGRAMS
FIND A LOCAL FLORIST

**SHOP TELEFLORA**
SAME-DAY FLOWER DELIVERY
CHEAP FLOWERS
BIRTHDAY FLOWERS
FUNERAL FLOWERS
INTERNATIONAL FLOWER DELIVERY

**CUSTOMER SERVICE**
CUSTOMER SUPPORT CENTER
PHONE: 1.800.835.3356
SECURITY & PRIVACY
ORDER & DELIVERY POLICY

Exhibit 4





**FTD**
Send Worldwide

**800-628-9371**



ORDER FLOWERS ONLINE

Visit Wesley Berry Flowers on Facebook

Follow Wesley Berry Flowers on Twitter

Our Mission Statement

Meet the Owner

Wesley Berry Videos

Wesley Berry Press Releases

Wesley Berry Philanthropy

Wesley Berry Customer Reviews

Wesley Berry News Links

Wesley Berry Company Overview

Home Page



138,338 people like this.

Follow @800wesleys · 1,707 followers



Wesley Berry Flowers on Vimeo.

Since 1946, four generations of the Berry family have been involved in the daily operations of Wesley Berry Flowers. Today we continue that commitment to customer service. A small family owned flower shop that began 65 years ago is now one of the largest florists in the nation. Wesley Berry Flowers is a multi-million dollar operation and continues to grows stronger every day. The same family ownership and family values have continued to guide this business for all those years. From the very beginning, the satisfaction of our customers has always been our top concern.

As one of the leading florists in the North America, Wesley Berry Flowers services over one-million customers. We deliver from our own brick and mortar flower shops with our own delivery fleet, and through FedEx and UPS from coast to coast. Deliveries are also made via a computerized sending network of more than 75,000 affiliated sister shops. This network of shops includes the florists of FTD and other business networks. We provide delivery throughout most of the United States, Canada and to over eighty countries around the world.

With one million customers worldwide, sometimes we need a third party to help make things right. That is why we participate in the BBB.





 Since 1963, we have been honored members of FTD. For over five years FTD has ranked us being in the top 100 florists in America.

 The Wholesale Florist & Floral Supply Association recently recognized Wesley Berry Flowers as "Retail Florist of the Year" for our Community Relations outreach.

 The National Association for the Advancement of Colored People Oakland Chapter presented Wesley Berry with their "Business Person of the Year Award" at its annual dinner.

 Wesley Berry Flowers has several Certified Florists on staff. These individuals have taken an examination conducted by the State Floral Association which determine them as well qualified and proficient florists.

 As a business that is concerned about the sustainability of our resources, we have become Green Certified. We are also a member of the Michigan Adopt a Highway Program.

 We are grateful to have been recognized by the readers of Hour Magazine as being the Best Florist. We know how important it is for us to win the trust of our customers, everyday.

 For several years we have been voted "Best Florist" by the Oakland Press. It is important that we continue to earn the trust of our customers.

 Being voted "Best Florist" is an honor that we are very proud of. In fact we have been honored as such over a dozen times. Everyday, we do our very best to keep the trust we've earned from our customers.

Wesley Berry Flowers Home









**800-628-9371**



ORDER FLOWERS
ONLINE

Since 1946 four generations of the Berry family have been involved in the daily operations of **Wesley Berry Flowers**. Today we continue that commitment to customer service. A small family owned flower shop that began 65 years ago is now one of **the largest florists in the nation**. Wesley Berry Flowers is a multi-million dollar operation and continues to grow stronger every day. The same family ownership and family values have continued to guide this business for all those years. From the very beginning the satisfaction of our customers has always been our top concern.

As one of the leading florists in the North America, Wesley Berry Flowers services over one-million customers. We deliver from our own brick and mortar flower shops with our own delivery fleet and through FedEx and UPS from coast to coast. Deliveries are also made via a computerized sending network of more than 75,000 affiliated, sister shops. This network of shops includes the florists of FTD, Teleflora and other business networks. We provide delivery throughout most of the United States, Canada and to over eighty countries around the world.

Visit Wesley Berry
Flowers on
Facebook

Follow Wesley Berry
Flowers on Twitter

Our Mission
Statement

Meet the Owner

Wesley Berry Videos

Wesley Berry Press
Releases

Wesley Berry
Philanthropy

Wesley Berry
Customer Reviews

Wesley Berry News
Links

Wesley Berry
Company Overview

Home Page



With one million customers worldwide, sometimes we need a third party to help make things right. That is why we participate in the BBB.



Since 1963 we have been honored members of FTD and for over five years FTD has ranked us being in the top 100 florists in America.



The Wholesale Florist & Floral Supply Association recently recognized Wesley Berry Flowers as Retail Florist of the Year for our Community Relations outreach.



The National Association for the Advancement of Colored People Oakland Chapter presented at its annual dinner Wesley Berry with their Business Person of the Year Award.



Wesley Berry Flowers has several Certified Florists on staff. These individuals have taken an examination conducted by the State Floral Association and determine them as well qualified and proficient florists.



As a business that is concerned about the sustainability of our resources we have become Green Certified. We have also reached out and adopted several miles of highway that we keep free of litter.

We are grateful to have been recognized by the readers of Hour Magazine as being the Best Florist. We know how important it is for us to win the trust of our customers everyday.

